**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**CINDY VIRGINIA ALLMAN,**

                Petitioner,

        **v.**                                 **Civil Action No. 5:23-CV-36**
                                                       Judge Bailey

**J.D. SALLAZ,**

                Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 6, 2023, petitioner, acting *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  [Doc. 1].  The matter is now pending before this Court for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.  For the reasons that follow, the undersigned recommends the petition be denied and dismissed.

### II. FACTUAL AND PROCEDURAL HISTORY

In the instant petition, petitioner challenges her felony murder conviction in the Circuit Court of Harrison County.  As summarized by the Supreme Court of Appeals of West Virginia,

> At about 4:30 a.m. on October 25, 2009, Ms. Allman, having used heroin and cocaine earlier in the evening, stood with Jeffery Taylor just outside the home of Terry K. Lewis, while Alexander Bosley waited in a nearby vehicle. The group was in search of money and valuables. Ms. Allman and Mr. Taylor entered the Lewis residence through the unlocked front door, then armed themselves with knives they found in the kitchen. Shortly thereafter, Mr. Taylor confronted Mr. Lewis in the bedroom, where Mr. Lewis had been sleeping along with his eight-year-old grandson. Mr. Taylor stabbed Mr. Lewis, who stumbled into the hallway screaming and looking for help. There

1

Mr. Lewis encountered Ms. Allman, from whom he received additional stab wounds. The wounds Mr. Lewis sustained from each attack proved to be independently fatal.

*State v. Allman*, 234 W. Va. 435, 436, 765 S.E.2d 591, 592 (2014).  After the Supreme Court affirmed her conviction, petitioner filed a petition for habeas corpus in June of 2015; after the habeas court denied the petition, she appealed, and the Supreme Court affirmed the denial in April of 2020.  *See Allman v. Sallaz*, 2020 WL 1674263 (W.Va. Apr. 6 2020). On July 6, 2020, she filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  *See Allman v. Sallaz*, 1:20-CV-133 (N.D. W.Va. 2020).  As the Court summarized, she raised four grounds for relief:

> 1. That there was an agreed upon plea agreement which provided for a sentence of life with mercy. When the victim's family objected, the Judge did not accept the plea agreement and sentenced the petitioner to life without mercy;
> 2. That her counsel told her that it was not just a recommendation, she would receive mercy. Her counsel was ineffective in not explaining the plea agreement to her;
> 3. That since she anticipated a sentence of life with mercy, her sentence was more severe than anticipated; and
> 4. That she was suffering from mental defects which were not taken into account. Her Sixth Amendment rights were violated because she was given a court ordered mental examination without notice or opportunity to consult with her attorney.

1:20-CV-133, [Doc. 29 at 1].  On January 12, 2022, this Court dismissed the petition with prejudice.

Petitioner's instant petition challenges her incarceration based on a decline in her mental state.  [Doc. 1 at 6].  Petitioner alleges that her mental health has gotten better since being incarcerated, but only for a short period because the facility is not equipped to prescribe her the necessary medications.  [Id.].  For relief, she asks that this Court reduce her sentence.  [Id. at 20].

2

## III.  LEGAL STANDARD

### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts.

### B.    Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  When determining the merits of a § 2254 petition, the district court applies the standards set forth in § 2254(d), which provides that the habeas petition of a person in State custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, the factual determinations by the state courts are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).  Therefore, when reviewing a petition for habeas relief, a federal court uses the "highly deferential lens" mandated by the AEDPA.  *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id*. at 300--01 (internal marks omitted).

Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. "[A] federal habeas court may not grant relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

or incorrectly.  Rather, the application must also be unreasonable." *Williams*, 529 U.S. at 365.

## IV.  ANALYSIS

The passage of the AEDPA amended 28 U.S.C. § 2254 and other habeas statutes:

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 … (1966). Under the AEDPA, an individual may not file a second or successive § 2254 petition for writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping mechanism" created by the AEDPA amended § 2254(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 3 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); see §§ 2244(b)(3)(B), (D).

*Felker*, 516 U.S. at 657.

The instant action qualifies as a second or successive § 2254 action because the petitioner's first § 2254 action filed in this Court in 2020, pertaining to the same conviction, was decided on the merits.  *See Allman v. Sallaz*, 1:20-CV-133 (N.D. W.Va. 2020).

Although 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action, that statute permits a court of appeals to determine whether to authorize a successive petition. Therefore, the United States Court of Appeals for the Fourth Circuit, not this District

Court, is the proper tribunal to decide whether to authorize a successive § 2254. *See **United States v. Winestock***, 340 F.3d 200, 205–06 (4th Cir. 2003). Because the Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this petition, this Court does not have jurisdiction to consider it.

### V. RECOMMENDATION

For the reasons stated above, the undersigned recommends that petitioner's § 2254 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.  In addition, because this Report and Recommendation completes

the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate

Judge association with this case.

  **DATED**: April 25, 2023.

        */s, James P. Mazzone*
        JAMES P. MAZZONE
        UNITED STATES MAGISTRATE JUDGE